UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:10-CR-809 |
| | § | |
| RICARDO FLORES | § | |

## ORDER DENYING MOTION TO REDUCE SENTENCE § 3582(c)(2)

Ricardo Flores filed a letter motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 782 to the sentencing guidelines and requesting appointment of counsel. D.E.37.

Flores was sentenced to 120 months in the Bureau of Prisons in 2010 based upon his guilty plea to possession with intent to distribute 1411 kilograms of marijuana. D.E. 20. "A defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may apply for a reduction in his sentence if the amendment applies retroactively. 18 U.S.C. §3582(c)(2); *see also Freeman v. United States*, 131 S.Ct. 2685, 2690-91 (2011) (reciting standard for sentence modifications); *Dillon v. United States*, 560 U.S. 817, 824-25 (2010). Amendment 782 became retroactive on November 1, 2014, but offenders may not be released from custody pursuant to retroactive application of Amendment 782 before November 1, 2015. U.S.S.G. § 1B1.10(e).

Importantly, however, Amendment 782 does not benefit Flores. Flores was sentenced to a statutory minimum sentence of 120 months pursuant to 21 U.S.C. § 841(b)(1)(A). D.E.20. Although Amendment 782 modified the drug quantity table, Congress did not modify the statutory minimum sentence. Because Flores does not qualify for relief, the Court denies his motion for counsel as unnecessary.

## CONCLUSION

The Court DENIES Flores's motion to appoint counsel and to reduce his sentence. D.E. 37.

SIGNED and ORDERED this 27th day of February, 2015.

_____
Janis Graham Jack
Senior United States District Judge